UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ALFREDO SANDOVAL,

  Movant,

                 File No. 1:10-CV-243

v.

                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

  Respondent.
_____/

## **O P I N I O N**

This matter comes before the Court on Jose Alfredo Sandoval's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1)

The Movant's motion was conditionally dismissed sua sponte on statute of limitations grounds, subject to an order to show cause why his motion under § 2255 should not be summarily dismissed. Movant has failed to submit a show cause response, and his § 2255 motion will be dismissed on statute of limitations grounds.

Movant was indicted on January 31, 2008, on the following charges: (1) conspiracy to import marijuana, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1)(G); and (2) conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vii). (File No. 1:08-CR-27, Dkt. Nos. 16, 59, Indict., Superceding Indict.) Movant pleaded guilty to count two on May 28, 2008, and

1

was sentenced to 60 months in prison followed by four years of supervised release. (File No. 1:08-CR-27, Dkt. No. 164, J.) Movant did not appeal his conviction. Movant filed this § 2255 motion on March 10, 2010. (Dkt. No. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 movant does not pursue a direct

2

appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). An amended judgment was entered in this case on September 11, 2008. (File No. 1:08-CR-27, Dkt. No. 171.) Measuring from the conclusion of the ten-day appeal period, the judgment of conviction became final on September 21, 2008. Movant had one year, until September 21, 2009, in which to timely file a motion under § 2255. The instant motion was filed on or about March 10, 2010, almost six months after the statute of limitations expired. Accordingly, absent equitable tolling of the statute of limitations period, Movant's action is time-barred.

The one-year statute of limitations contained in § 2255 is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Court, on December 9, 2010, ordered Movant to show cause why his claim should not be dismissed. (Dkt. No. 3.) Movant was ordered to respond within 14 days; Movant did not submit a response. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion and Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability,

3

Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: January 6, 2011                             /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE